# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF HAWAII

| | |
|---|---|
| In re<br><br>PACIFIC MRF, INC.,<br><br>       Debtor. | Case No. 08-01043<br>Chapter 7 |
| ALEXANDER & BALDWIN, INC.,<br><br>       Plaintiff,<br><br>  vs.<br><br>LARRY POFFENROTH, et al.,<br><br>       Defendants. | Adv. Pro. No. 08-90058<br><br><br><br>Re: Docket No. 139 |

### MEMORANDUM OF DECISION ON
### MOTION FOR PARTIAL SUMMARY JUDGMENT
### ON COUNT I OF THE COMPLAINT

Plaintiff Alexander & Baldwin, Inc. ("A&B") owns a parcel of land on Maui

which was occupied by debtor-defendant Pacific MRF, Inc. ("Pacific MRF"), and

defendant Cal-Pacific Hawaii, Inc. ("Cal-Pacific"). Defendant Larry Poffenroth

controls both Pacific MRF and Cal-Pacific.

A&B evicted Pacific MRF, Cal-Pacific, and Poffenroth from the land in

2007, but there remains on the land a large quantity (perhaps several thousand

tons) of scrap metal. This motion asks the court to determine, based on principles

of estoppel, that the scrap belongs to Poffenroth and Pacific MRF, not Cal-Pacific.

A&B relies on three different types of estoppel: equitable estoppel, quasi-

estoppel, and judicial estoppel.

Hawaii law[1] describes the doctrine of equitable estoppel as follows:

> The rule of law is clear that where one by his words, or conduct,
> wilfully causes another to believe the existence of a certain state of
> things, and induced him to act on that belief so as to alter his previous
> position, the former is precluded from averring against the latter a
> different state of things, as existing at the same time.

Anderson v. Anderson, 59 Haw. 575, 587-88, 585 P.2d 938, 946 (1978), quoting

Molokai Ranch, Ltd. v. Morris, 36 Haw. 219, 223 (1942). Proof of reasonable

reliance is usually required. "Such requirement, however, may be dispensed with

in order to prevent manifest injustice." Zane v. Liberty Mut. Fire Ins. Co., 115

Hawaii 60, 70 n.12, 165 P.3d 961, 971 n. 12 (2007).

Quasi-estoppel is

> a species of equitable estoppel . . . which has its basis in election,
> waiver, acquiescence, or even acceptance of benefits and which
> precludes a party from asserting to another's disadvantage, a right
> inconsistent with a position previously taken by him. No concealment
> or misrepresentation of existing facts on the one side, no ignorance on
> the other, are necessary ingredients.

---

[1]Equitable estoppel is governed by state law. Rohweder v. Aberdeen
Production Credit Ass'n, 765 F.2d 109, 112-13 (8th Cir. 1985).

U.S. Bankruptcy Court - Hawaii  #08-90058  Dkt # 181  Filed  07/02/09  Page 2 of 9

Godoy v. Hawaii County, 44 Hawaii 312, 319-20, 354 P.2d 78, 83 (1960)

(citations and internal quotations omitted).

> This class of estoppel is sometimes expressed in the language of the rule or maxim that one cannot blow both hot and cold. It is based upon the broad equitable principle which courts recognize, that a person, with full knowledge of the facts, shall not be permitted to act in a manner inconsistent with his former position or conduct to the injury of another. To constitute this sort of estoppel the act of the party against whom the estoppel is sought must have gained some advantage for himself or produced some disadvantage to another; or the person invoking the estoppel must have been induced to change his position, or by reason thereof the rights of other parties must have intervened.

Id. at 320 (internal quotations omitted). See also Univ. of Hawaii Prof. Assembly v. Univ. of Hawaii, 66 Hawaii 214, 221, 659 P.2d 720, 725-26 (1983).

Under federal law,[2] "[j]udicial estoppel, sometimes also known as the doctrine of preclusion of inconsistent positions, precludes a party from gaining an advantage by taking one position, and then seeking a second advantage by taking an incompatible position." Helfand v. Gerson, 105 F.3d 530, 534 (9th Cir. 1997) (internal quotations omitted). "[W]here a party assumes a certain position in a legal proceeding, and succeeds in maintaining that position, he may not thereafter, simply because his interests have changed, assume a contrary position, especially if

_____

[2] "[F]ederal law governs the application of judicial estoppel in federal court." Rissetto v. Plumbers and Steamfitters Local 343, 94 F.3d 597, 603-04 (9th Cir. 1996).

3

U.S. Bankruptcy Court - Hawaii  #08-90058  Dkt # 181  Filed  07/02/09  Page 3 of 9

it be to the prejudice of the party who has acquiesced in the position formerly taken by him." New Hampshire v. Maine, 532 U.S. 742, 749-50 (2001) (internal quotations omitted).

> Courts have observed that "[t]he circumstances under which judicial estoppel may appropriately be invoked are probably not reducible to any general formulation of principle." Nevertheless, several factors typically inform the decision whether to apply the doctrine in a particular case: First, a party's later position must be "clearly inconsistent" with its earlier position. Second, courts regularly inquire whether the party has succeeded in persuading a court to accept that party's earlier position, so that judicial acceptance of an inconsistent position in a later proceeding would create "the perception that either the first or the second court was misled." Absent success in a prior proceeding, a party's later inconsistent position introduces no "risk of inconsistent court determinations," and thus poses little threat to judicial integrity. A third consideration is whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped.

Id. at 750-51 (citations omitted). Judicial estoppel can apply even if the inconsistent statements are made in different cases, and "regardless of whether [the party's stated position] is an expression of intention, a statement of fact, or a legal assertion." Helfand, 105 F.3d at 535.

A&B argues that Poffenroth, Pacific MRF, and Cal-Pacific have made numerous statements that preclude them, based on one or more of the versions of estoppel, from denying that Pacific MRF owns all of the scrap and instead claiming that Cal-Pacific owns any of it. Each of the statements must be analyzed

4

separately.

The first statement is the Stipulated Judgment, signed by Poffenroth and Pacific MRF (but not Cal-Pacific) in March 2004 (docket no. 140, exhibit "1"). Under the Stipulated Judgment, Poffenroth and Pacific MRF agreed not to bring any additional scrap materials on to the property and to remove the scrap then existing on the property in accordance with a schedule. Poffenroth, Pacific MRF, and Cal-Pacific concede that, as of the date of the Stipulated Judgment, all of the scrap then on the property belonged to Pacific MRF, not Cal-Pacific. Even if they did not concede this point, equitable and quasi-estoppel would preclude them from claiming otherwise. Although the Stipulated Judgment does not contain an express representation of ownership of the scrap, the Stipulated Judgment makes no sense unless Poffenroth and Pacific MRF owned the scrap and had unrestricted rights to dispose of it. A&B has established that it relied reasonably on these statements in its continued dealings with Poffenroth and his companies.

Mr. Poffenroth now claims, under penalty of perjury, that Cal-Pacific brought several thousand tons of scrap onto the property "after 2004". (Docket no. 149.) A&B points out that, if this happened, it was a breach of the Stipulated Judgment, which prohibited Poffenroth and Pacific MRF from bringing more scrap to the property. A&B contends further that the representations of Poffenroth and

5

Pacific MRF that no more scrap would be placed on the property estop them from claiming that additional scrap was brought to the property and belongs to Cal-Pacific.

Equitable estoppel does not support this contention. Under Hawaii law, equitable estoppel precludes a party who has represented that a particular state of things existed from later asserting "a different state of things, <u>as existing at the same time</u>." <u>Anderson</u>, 59 Haw. at 587-88, 585 P.2d at 946 (1978) (emphasis added).

Judicial estoppel also may not apply. That doctrine applies only to statements made in legal proceedings. <u>New Hampshire v. Maine</u>, 532 U.S. at 749. Although the parties signed the Stipulated Judgment in March 2004, it was not filed in any court until A&B commenced eviction proceedings in January 2007. The application of judicial estoppel to a "deferred filing" such as this is not clear.

The next set of statements are found in letters, dated July 16 and October 6, 2004, by Richard Gronna, an attorney, to A&B's attorney (docket no. 140, exhibits "3" and "19"). Mr. Gronna was acting for Poffenroth, Pacific MRF, and Cal-Pacific because, among other things, he threatened legal action by all three parties against A&B. He stated that Cal-Pacific had provided the machinery necessary to enable Pacific MRF to process and remove the scrap and denied that Cal-Pacific

6

had brought any scrap on to the property. A&B has established that it reasonably

relied to its detriment on these representations by forbearing from taking

immediate action to remove Poffenroth, Pacific MRF, and Cal-Pacific from the

property. Poffenroth, Pacific MRF, and Cal-Pacific are therefore precluded, by

equitable estoppel and quasi-estoppel, from denying that Poffenroth and Pacific

MRF owned all of the scrap on the property in October 2004 and from claiming

that Cal-Pacific owned any of the scrap at that time.

The next set of statements were made by Pacific MRF and Poffenroth to the

state court and to this court. For example:

- On March 29, 2007, Pacific MRF filed a petition in this court commencing a

   chapter 12 bankruptcy case. Docket no. 140-4. Poffenroth signed the

   petition and related documents on behalf of Pacific MRF. Id. at 3. Pacific

   MRF and Poffenroth stated, under penalty of perjury, that Pacific MRF

   owned scrap worth $250,000 on the petition date, and that Pacific MRF did

   not hold or control any property of any other person. Id. at 9, 27.

- On April 17, 2007, Pacific MRF filed a declaration, signed by Mr.

   Poffenroth under penalty of perjury, in the chapter 12 case. In it, Mr.

   Poffenroth represented that there was "approximately 3,000 tons of scrap

   metal left on the premises" worth $90 per ton, or a total of $270,000, which

7

would be used to pay off Pacific MRF's creditors.  Docket no. 140-5 at 9.

These statements unavoidably imply that Pacific MRF owned the scrap.

•       After this court granted relief from the automatic stay, A&B pursued

eviction proceedings in state court.  On June 13, 2007, Poffenroth and

Pacific MRF filed a memorandum in the District Court of the Second

Circuit, State of Hawaii, in which they stated that Poffenroth and Pacific

MRF "have amassed and prepared three thousand (3,000) tons of scrap metal

on the property worth one hundred dollars ($100) per ton, for a total of

$300,000."  Docket no. 140-3 at 4.

These statements are all inconsistent with the current position taken by Poffenroth,

Pacific MRF, and Cal-Pacific that Cal-Pacific owns the scrap.

Because the last set of statements were all made in court-filed papers,

judicial estoppel comes to mind.  But judicial estoppel applies only if the party

making the representation persuaded a court that the representation was correct.

New Hampshire v. Maine, 532 U.S. at 750-51.  Poffenroth, Pacific MRF, and Cal-

Pacific have never convinced any court that their new story about ownership of the

scrap is true.  Therefore, judicial estoppel does not apply.

Equitable estoppel and quasi-estoppel are also inapplicable.  A&B never

relied on Cal-Pacific's assertion of ownership; in fact, A&B fought that assertion at

8

every turn.

Therefore, A&B's motion should be granted only in part. Poffenroth, Pacific MRF, and Cal-Pacific are estopped from claiming that Cal-Pacific, rather than Pacific MRF, owned any of the scrap that was on the property in October 2004.

Even though estoppel does not apply to the full extent asserted by A&B, the changing story about ownership of the scrap is relevant and important. If nothing else, Poffenroth's repeated statements, many of which were under oath, that Pacific MRF owned the scrap will provide powerful impeachment if he testifies differently at trial.

/s/ Robert J. Faris
**United States Bankruptcy Judge**
Dated: **07/02/2009**

U.S. Bankruptcy Court - Hawaii  #08-90058  Dkt # 181  Filed  07/02/09  Page 9 of 9